UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE: Beulah Elzora Rowe

CASE NO.: 05-32193-LMK

Debtor(s).                                          CHAPTER 7 (I)

---

Beulah Elzora Rowe

Plaintiff(s)

AP NO.

VS.

Citigroup, Inc. d/b/a, Citi Cards d/b/a, Citibank South Dakota, N.A.; and
Plaza Associates; and
National Financial Systems, Inc.; and
FMA Alliance, Ltd.;
Capital Management Services, LP; and
Resurgent Capital Services, LP;

Defendant(s),

## COMPLAINT SEEKING DAMAGES IN CORE AND NON-CORE ADVERSARY PROCEEDING FOR VIOLATION OF THE DISCHARGE INJUNCTION AND STATE AND FEDERAL LAWS

### Introduction

1.    This action seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their efforts to collect a debt discharged by the Plaintiff's bankruptcy. Defendants' conduct involves falsely representing that a discharged debt is still owed, the sole purpose of which is to coerce the payment of a discharged debt. Plaintiff seeks monetary, declaratory and injunctive relief based on violations of 11 U.S.C. § 524, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*, the Florida Deceptive And Unfair Trade Practices Act, Section 501.201 *et seq.*, and the Florida Consumer Collection Practices Act § 559.55 *et seq*.

2.    This action is also filed to enforce the Order of Discharge duly entered in this CHAPTER 7 (I) case and to enforce and to implement other Bankruptcy Code

provisions and Rules related thereto, and to prevent an abuse of process and to preclude the frustration of the orderly discharge of the claims in this case.

## Jurisdiction

3. Jurisdiction is conferred on this Court pursuant to the provisions of § 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned CHAPTER 7 (I) case under Title 11 and concerns property of the Debtors in that case.

4. This Court has both personal and subject matter jurisdiction to hear this case pursuant to § 1334 of Title 28 of the United States Code, § 157(b)(2) of Title 28 of the United States Code.

5. This Court has supplemental jurisdiction to hear all state law claims pursuant to § 1367 of Title 28 of the United States Code.

6. This Court also has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to § 1692 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon § 1331 of Title 28 of the United States Code.

7. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiffs consent to the entry of a final order by the Bankruptcy Judge.

8. Venue lies in this District pursuant to § 1391(b) of Title 28 of the United States Code.

## Parties

9. The Plaintiff, Beulah Elzora Rowe ("Rowe"), an 89 (eighty-nine) year old female, is a citizen and resident of Pensacola, Florida.

10. The Defendant, Citigroup Inc. d/b/a/ Citi Cards, d/b/a Citibank South Dakota, N.A, is a global financial services company with a principal address located at 399 Park Avenue, New York, NY 10043 and a registered agent address of CT Corporation, 1200 South Pine Island Road, Plantation, Florida 33324. Citigroup, Inc. regularly transacts business in the State of Florida.

11. The Defendant, Plaza Associates, is a debt collection agency with corporate headquarters located at 370 Seventh Avenue, Ste. 1200, New York, New York 10001.

12. The Defendant, National Financial Systems, Inc. is a debt collection agency with a principal address and registered agent address of 1400 Northpoint Parkway, Ste. 20, West Palm Beach, Florida 33407.

13. The Defendant, FMA Alliance, Ltd., is a debt collection agency with a physical address of 11811 North Freeway, Ste. 900, Houston, Texas 77060 and a mailing address of Dept. 287 P.O. Box 4129 Concord, CA 94524.

14. The Defendant, Capital Management Services, LP is a debt collection agency located at 726 Exchange Street, Suite 700, Buffalo, New York 14210 with a registered agent address of CT Corporation, 1200 South Pine Island Road, Plantation, Florida 33324.

15. The Defendant, Resurgent Capital Services, LP is a debt collection agency with a principal address located at 15 S. Main Street, Ste. 600, Greenville, SC 29601 and with a registered agent address of CT Corporation, 1200 South Pine Island Road, Plantation, Florida 33324.

16. The Defendants listed in paragraphs 11-15 (hereinafter referred to as "debt collectors") regularly transact business within the State of Florida and are debt collectors.

## Facts

17. On September 23, 2005, the Plaintiff sought protection from her creditors by filing a voluntary CHAPTER 7 (I) bankruptcy petition in the United States Bankruptcy Court for the Northern District of Florida, Pensacola Division.

18. The 341(a) meeting of creditors was held in Pensacola, Florida on November 8, 2005

19. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, two unsecured debts were listed in favor of Citicards for credit card debt dating from the years 1986 and 1988. The last four digits of the first account number listed in the petition are 5681 with a balance of $8,689.00. The last four digits of the second account number listed in the petition are 9566 with a balance of $9,285.00.

20. On January 10, 2006, the Plaintiff was granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 524. The Plaintiff alleges that this Discharge included both unsecured debts to Citi Cards.

21. On January 19, 2006, Plaintiff received a billing statement from Plaza Associates, on behalf of "Citibank South Dakota, N.A. Mastercard/Visa Account". The statement indicated that the account with Citibank had been referred to their office, that they had been advised of a possible bankruptcy filing but their office had not received

"actual notice", and was therefore requesting Plaintiff provide a copy of the bankruptcy notice to Plaza.

22. On or about January 27, 2006, Plaintiff responded to the correspondence from Plaza with a copy of her Discharge Order and a copy of Schedule "F" of her bankruptcy petition.

23. On January 20, 2006, Plaintiff received a billing statement from Citicards on account ending in 9566. The billing statement indicated that Plaintiff had 21 days to contact Citicards or the account would be "sent to a collection agency".

24. On February 14, 2006, Plaintiff received a billing statement from National Financial Systems, Inc., a collector on behalf of Citicorp Mastercard with an account number ending in 9566. The billing statement reflected a past due balance of $10,590.26.

25. On or about February 23, 2006, Plaintiff mailed notice of her bankruptcy discharge to National Financial Systems, Inc.

26. Plaintiff received her February 2006 billing statement from Citi Cards on account number ending in 9566. The billing statement stated a payment due date of February 27, 2006.

27. On or about May 16, 2008, Plaintiff received a billing statement from FMA Alliance, Ltd, requesting payment on an account with an original creditor of Citibank and a current creditor of Resurgent Capital Services, LP. The statement listed a total balance due of $10,406.35 and an account number ending in 4136.

28. Plaintiff has continued to receive collection calls from Citi Cards and various collectors at her residence regarding both accounts referenced above since the filing of her bankruptcy petition in 2006 through the filing of this adversarial complaint.

29. On September 2, 2008, Plaintiff's counsel mailed correspondence to both FMA Alliance, Ltd, and Citi Cards, advising of Plaintiff's bankruptcy filing and subsequent discharge and requesting that their records be updated accordingly. The correspondence referenced both account numbers 9566 and 5681.

30. On or about April 19, 2009, Plaintiff received a billing statement from Capital Management Services, LP, stating that it was "engaged by Resurgent Capital Services, LP" to resolve a delinquent debt of $12,221.35. The statement indicates a previous creditor of Citibank and a current creditor of PYOD, LLC. The last 4 digits of the account number listed are 5681.

31. The actions of the Defendants as alleged herein constitute willful, intentional, gross and flagrant violations of the provisions of Section 524 of Title 11 of the United States Code.

32. The actions of the Defendants as alleged herein are acts in violation and contempt of the Order of Discharge entered by this Court.

33. The actions of the Defendants as alleged herein are acts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq., the Florida Deceptive Trade Practices Act, and the Florida Consumer Collection Practices Act.

34. The Defendants have willfully ignored their obligations under the Bankruptcy Code and various Federal and State consumer protection statutes.

35. The Plaintiff has been severely agitated, annoyed, traumatized, emotionally damaged and have otherwise been unduly inconvenienced by the actions of the Defendants.

### FIRST CLAIM – WILLFUL VIOLATION OF DISCHARGE INJUNCTION

36. The allegations of paragraphs 1-35 above are realleged and incorporated herein by reference.

37. The actions of Defendants in this case, in seeking to collect payment on a discharged debt by deceptively attempting to coerce the debtor are in violation of the discharge injunction entered in Plaintiff's bankruptcy case pursuant to 11 U.S.C. § 524, and constitute contempt of bankruptcy court orders.

38. The Plaintiff alleges that the actions of the Defendants in seeking to collect on a debt three years after the debtor's lawful discharge, constitute a gross violation of the discharge injunction as set forth in 11 U.S.C. Section 524.

39. The conduct of the Defendants in this case has substantially frustrated the discharge order entered by this Court and has caused the Plaintiff unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code, by Contract, and by prior actions of the Defendants.

40. In order to carry out the provision of the Code and to maintain its integrity this Court must impose actual damages, punitive damages and legal fees against the Defendants pursuant to the provisions of Section 105 of the Code.

41. In order to protect debtors who have secured a full discharge thereunder this Court must impose sanctions against the Defendants for their misconduct in this case.

42. As a result of the Defendants' violation of 11 U.S.C. Section 524, the Defendants are liable to the Plaintiff for actual damages, punitive damages and legal fees under § 105 of Title 11 of the United States Code.

**SECOND CLAIM - VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

43. The allegations of paragraphs 1-35 above are realleged and incorporated herein by reference.

44. The foregoing acts and omissions by the Defendant debt collectors constitute violations of 15 U.S.C. § 1692f(1) by collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and unconscionable methods.

45. The Plaintiff is therefore entitled to an award of statutory damages and legal fees pursuant to 11 U.S.C. § 1692k.

**THIRD CLAIM - VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

46. The allegations of paragraphs 1-35 above are realleged and incorporated herein by reference.

47. The foregoing acts and omissions by the Defendant debt collectors constitute violations of 15 U.S.C. § 1692c(a)(2) in contacting the Plaintiff when the Defendant knew the debtor was represented by an attorney.

48. The Plaintiff is therefore entitled to an award of statutory damages and legal fees pursuant to 11 U.S.C. § 1692k.

**FOURTH CLAIM – ADDITIONAL VIOLATION OF THE FDCPA**

49. The allegations in paragraphs 1-35 of this complaint are realleged and incorporated herein by this reference.

50. The Defendant debt collectors additionally violated the FDCPA. Violations include but are not limited to engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt, 15 U.S.C. § 1692d.

51. As a result of the above violations of the FDCPA, the Defendant debt collectors are liable to the Plaintiff for actual damages, statutory damages, and attorney's fees.

**FIFTH CLAIM – FLORIDA CONSUMER COLLECTION PRACTICES ACT**

52. The allegations in paragraphs 1-35 of this complaint are realleged and incorporated herein by reference.

53.   The foregoing acts and omissions by the Defendant debt collectors constitute violations of the FCCPA, which include, but are not limited to, the following violation of 559.72(9) by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate; and

54.   As a result of the above violation of the FCCPA, the Defendant debt collectors are liable to the Plaintiff for statutory damages and attorney's fees and costs.

**WHEREFORE,** the Plaintiff having set forth his claims for relief against the Defendants respectfully pray of the Court as follows:

A. That the Plaintiff have and recover against the Defendants a sum to be determined by the Court in the form of actual damages;

B. That the Plaintiff have and recover against the Defendants a sum to be determined by the Court in the form of statutory damages;

C. That the Plaintiff have and recover against the Defendants a sum to be determined by the Court in the form of punitive damages;

D. That the Plaintiff have and recover against the Defendants all reasonable legal fees and expenses incurred by their attorney;

E. That this Court order the Defendants to pay additional actual damages and statutory damages in a sum to be determined by the Court for violation of the Florida Consumer Collection Practices Act;

F. That this Court order the Defendants to pay additional actual damages and statutory damages in a sum to be determined by the Court for violating the Fair Debt Collection Practices Act;

G. That the Plaintiff have such other and further relief as the Court may deem just and proper.

Respectfully submitted this 21st day of May 2009.

Martin S. Lewis, FL Bar # 0100587
Steven D. Jurnovoy, FL Bar # 938221
Brooke E. Reynolds, FL Bar # 26860
Attorney For Plaintiff